FILED
FEBRUARY 4, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

KC

08 C 757

JUDGE BUCKLO
MAGISTRATE JUDGE KEYS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BUONA COMPANIES, L.L.C., an Illinois Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>AFC ENTERPRISES, INC., d/b/a POPEYES, a Missouri Corporation,<br><br>    Defendant. | Case No. |

## COMPLAINT

Plaintiff, the Buona Companies, L.L.C. ("Buona"), for its Complaint against Defendant, AFC Enterprises, Inc. ("AFC"), states as follows:

### Parties

1.  Buona is a corporation organized and existing under the laws of the State of Illinois. Its headquarters and principal place of business are at 6801 West Roosevelt Road., Berwyn, Illinois 60402.

2.  Affiliated companies of Buona include Buona Beef, Inc.; the Buona Companies, L.L.C.; Buona Catering, L.L.C.; J & P Properties, L.L.C.; Mile High Beef, L.L.C.; Joey Buona's Pizzeria Grille - Chicago, L.L.C.; and Superior Street, L.L.C.

3.  AFC, d/b/a "Popeyes," is a corporation organized and existing under the laws of the State of Missouri. Its corporate headquarters are at 5555 Glendridge Connector NE, Suite 300, Atlanta, Georgia 30342.

### Jurisdiction and Venue

4.  This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, for deceptive trade practices under the Illinois Uniform

282561v1

Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*. and the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*., and for trademark infringement and unfair competition under common law.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b). This Court has supplemental jurisdiction over the state and common law claims under 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## Facts

### Buona and Its BUONA-FIED Mark

7. Buona, which in Italian is pronounced "Bona" and means "good," was founded by the Buonavolanto family and has been owned and operated by them ever since. Through hard work, it has been very successful: Buona's business employs more than 350 people and includes 11 "quick-casual" Buona restaurants in and around the Chicago area. Buona also plans to expand the Buona restaurants into other markets. In addition, Buona owns and operates a full-service catering company, Buona Catering, and Buona sells its food products online and ships them nationwide.

8. Buona's reputation for excellent quality has been commemorated by recognitions, awards and achievements such as the following:

- Voted "#1 Favorite Italian beef" in the Silver Platter Awards, Food Industry News (multiple years)

- "Rated #1" for Italian beef by the Chicago Sun-Times (multiple years)

- Named "The beef that made Chicago Famous" by James Ward, ABC 7 TV

- "Buona Beef sandwich ranks with the best" says the Chicago Tribune

- The best-selling Italian beef at Taste of Chicago" (multiple years)

- "Family Business of the Year," awarded by Italian American Chicagoland Chamber of Commerce"

9. Buona owns a number of BUONA marks (the "BUONA Marks), many of which are registered with the USPTO, including the following:

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| [BUONA BEEF logo] | 1,573,667 | 12/26/89 | Sandwiches for consumption on or off the premises in Class 30. |
| **BUONA** BEEF "**BUONA**" MEANS GOOD | 1,554,944 | 9/5/89 | Sandwiches for consumption on or off the premises in Class 30. |
| JOEY **BUONA**'S PIZZERIA GRILLE | 2,866,130 | 7/27/04 | Pizza, including deep dish and thin crust varieties; Italian style roast beef sandwiches and Italian style sausage sandwiches in Class 30; Restaurant and catering service, featuring dine-in, carry-out, home delivery, and providing banquet and social function facilities for special occasions in Class 43. |
| **BUONA** CATERING | 2,790,961 | 12/9/03 | Catering services in Class 43. |
| **BUONA** | 2,829,484 | 4/6/04 | Restaurant and catering services in Class 43; Italian style roast beef and Italian style sausage in Class 29. |
| **BUONA** BEEF | 2,859,546 | 7/6/04 | Restaurant and catering services in Class 43; Italian style roast beef and Italian style sausage in Class 29. |
| THE **BUONA** COMPANIES | 2,992,854 | 9/6/05 | Restaurant franchising and food kiosk services at sporting events in Class 35; Restaurant and catering services in Class 43. |
| JOEY **BUONA**'S PIZZA | 3,018,241 | 11/22/05 | Pizza, including deep dish and thin crust varieties in Class 30. |

-3-

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| | 2,868,559 | 8/3/04 | Catering services in Class 43. |
| | 2,941,099 | 4/19/05 | Restaurant and catering services in Class 43; Italian style roast been and Italian style sausage in Class 29. |
| | 2,960,222 | 6/7/05 | Restaurant franchising and food kiosk services at sporting events in Class 35; Restaurant and catering services in Class 43. |
| | 3,014,424 | 11/15/05 | Pizza, including deep dish and thin crust varieties; Italian style roast beef sandwiches and Italian style sausage sandwiches in Class 30; Restaurant and catering services, featuring dine-in, carry-out, home delivery, and providing banquet and social function facilities for special occasions in Class 43. |
| | 3,210,506 | 2/20/07 | Catering services in Class 43. |
| | 3,221,609 | 3/27/07 | Italian style roast beef; Italian style sausage; salads except macaroni, rice, and pasta salad; chicken in Class 29; Restaurant and catering services in Class 43. |

Copies of USPTO records of these registrations are attached collectively as **Exhibit A**.

10.   In the spring of 2007, the Buonavolanto family decided to launch a major new advertising campaign (the "BUONA-FIED Campaign") around the new mark **BUONA-FIED**, which is pronounced the same way as "bona-fide." The BUONA-FIED Campaign has run in a variety of media, including cable television, radio, mail, in-store advertising, Internet, store receipts,

-4-

and children's menus.  A recent focus of the BUONA-FIED Campaign has been food and catering for 2008 Super Bowl parties.

11. The BUONA-FIED Campaign was created and executed after extensive brand research by an outside consultant and Buona's in-house marketing staff.  Buona also retained an advertising agency to produce and place the campaign's media and collateral advertising materials.

12. In 2007, Buona spent more than $585,000.00 to develop and run the BUONA-FIED Campaign.  Buona has budgeted over $600,000 for the BUONA-FIED Campaign in 2008, with a major push early in the year leading up to the Super Bowl on February 3.  A significant portion of the 2007 expenses related to creation of materials intended for use not only in 2007 but also into at least 2008.

13. Buona cleared its BUONA-FIED mark for use by having its counsel order a routine trademark search report.  Then on July 2, 2007, Buona filed a federal trademark application with the United States Patent and Trademark Office ("USPTO") to register BUONA-FIED for "restaurant and catering services, Italian style roast beef; Italian style sausage; salads except macaroni, rice, and pasta salad; chicken; potato chips" (App. Ser. No. 77-220,660).  A copy of that application is attached as **Exhibit B**.

14. On October 9, 2007, the USPTO notified Buona that it had reviewed the BUONA-FIED application and reported that "no similar registered or pending mark has been found that would bar registration…."  That notice (an "Office Action" in USPTO parlance) also requested confirmation of Buona's ownership of its other BUONA marks and a substitute specimen of use.  On information and belief, the USPTO will register BUONA-FIED on the Principal Register in 2008.

**AFC and Its Infringing Conduct**

15. Founded in Atlanta in 1992, AFC is the publicly-traded parent company of Popeyes Chicken and Biscuits which, according to AFC's website at www.afce.com, is the "the world's second-largest quick-service chicken concept based on number of units." It has over 1800 locations world-wide, including restaurants in the Chicago area that compete with Buona for customers.

16. On November 7, 2007, AFC filed a federal trademark application with the United States Patent and Trademark Office to register the mark BONAFIDE for "restaurant services; prepared chicken and seafood for consumption on or off the premises" (App. Ser. No. 77-323,613). The application was filed on an intent-to-use basis, more than four months after Buona had applied to register its BUONA-FIED mark and had launched its BUONA-FIED Campaign.

17. Because Buona's federal trademark application for BUONA-FIDE was a matter of public record on or about the date it was filed, on information and belief AFC had actual knowledge of that application if it ordered a routine trademark search report before filing its application to register BONAFIDE. After learning of Buona's BUONA-FIED trademark, subsequent investigation would have quickly disclosed Buona's use of that mark in a broad advertising campaign.

18. Buona first learned that AFC had launched a marketing campaign around the mark **BONAFIDE** for its restaurants in the Chicago area in early January of 2008, when a member of the Buonavolanto family saw one of AFC's BONAFIDE commercials on television. As part of its BONAFIDE campaign, AFC has also displayed the BONAFIDE mark prominently in large window posters at its Popeyes restaurants and in video clips on Popeyes' website.

19. Several of the window posters featuring the BONAFIDE mark are in Popeyes restaurants in very close proximity to Buona's own restaurants. For example, AFC placed posters featuring the BONAFIDE mark at the Popeyes stores located in: (a) Darien, Illinois,

across the street from a restaurant Buona had opened six months earlier; (b) Countryside, Illinois, just two miles from the Buona's restaurant in Darien and another Buona restaurant in Hillside; and (3) Berwyn, Illinois, approximately 1.5 miles from Buona's original restaurant, corporate offices and catering facility.  Representative photographs of the Popeyes' BONAFIDE signs – most of which were taken at the restaurants described above less than a week prior to the filing of this Complaint – are attached collectively as **Exhibit C.**

20.     Buona has not yet conducted a full-scale investigation into possible additional uses by AFC of BONAFIDE in the Chicago area.

### Buona Promptly Shares Its Concerns with AFC

21.     After learning of AFC's BONAFIDE campaign in early January of 2008, Buona, through its counsel, promptly contacted AFC in a certified letter of January 7 to AFC's Senior Vice President Legal Affairs, General Counsel and Corporate Secretary.  That letter told of Buona's concern that AFC's BONAFIDE advertising campaign was likely to cause consumer confusion with Buona's BUONA-FIED mark.

22.     AFC responded, through counsel, on January 21.  The parties' representatives attempted unsuccessfully to negotiate a settlement, and AFC chose to continue with its BONAFIDE advertising campaign notwithstanding Buona's concerns and demonstrated prior rights in its BUONA-FIED mark.

23.     On information and belief, AFC plans to use its superior economic power to saturate the restaurant services market in the Chicago area with its BONAFIDE campaign, overwhelming the marketplace power and value of the BUONA-FIED mark used by Buona, the senior user.

29. Upon information and belief, AFC knows and recklessly disregards that its use of the BONAFIDE mark will harm Buona's business, reputation and investment in its BUONA-FIED mark.

30. AFC has committed these acts without Buona's permission, consent or license.

## COUNT I
## TRADEMARK INFRINGEMENT

31. Buona incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 through 30 of its Complaint.

32. AFC's use of the BONAFIDE mark as alleged herein is likely to cause confusion as to the source, origin, affiliation, authorization, or sponsorship of Buona's restaurant services and food. Among other harms, AFC's use of the BONAFIDE mark is likely to cause the consuming public of the United States, including customers or potential customers of Buona, to mistakenly believe that Buona or its services or food are legitimately connected or associated with, or sponsored or authorized by, AFC, or that Buona has merged, or is about to merge, with AFC.

33. AFC's aforesaid use of the BONAFIDE mark violates Buona's exclusive rights in its BUONA-FIED mark and constitutes trademark infringement by reverse confusion in violation of the Trademark Laws of the United States, 15 U.S.C. § 1114, and the common laws of various states, including Illinois.

34. On information and belief, AFC's infringing use of the BONAFIDE mark is and continues to be deliberate, willful, and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

35. AFC's aforesaid use of the BONAFIDE mark is greatly and irreparably damaging to Buona and will continue to greatly and irreparably damage Buona unless enjoined by this

Court. An award of monetary damages alone cannot fully compensate Buona for its injuries, and Buona lacks an adequate remedy at law.

## COUNT II
## UNFAIR COMPETITION

36. Buona incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 through 30 of its Complaint.

37. AFC's use of the BONAFIDE mark as alleged herein constitutes unfair competition, false representation, and false designation of origin of and in connection with AFC's services and food, and thus violates 15 U.S.C. § 1125(a) and the common law of various states, including Illinois.

38. AFC's use of the BONAFIDE mark suggests association or affiliation with Buona, so as to cause, or be likely to cause, confusion or mistake, or to deceive consumers as to the relationship between AFC and its services or food and Buona and its services or food. Among other harms, consumers are likely to believe, incorrectly, that AFC and Buona are somehow connected or affiliated.

39. As a result of the aforesaid acts by AFC, Buona has been severely injured in its business and property. The injury to Buona is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Buona for its injuries and Buona lacks an adequate remedy at law.

## COUNT III
## DECEPTIVE TRADE PRACTICES AND CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES IN VIOLATION OF ILLINOIS LAW

40. Buona incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 through 30 of its Complaint.

41.     AFC's use of the BONAFIDE mark as alleged herein causes confusion or misunderstanding on the part of consumers as to the approval, affiliation, connection, or association of AFC's services or food with Buona's services or food.

42.     As a result of these aforesaid acts, AFC has been and is engaging in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.* and the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*

43.     As a result of the aforesaid acts by AFC, Buona has been severely injured in its business and property.  The injury to Buona is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Buona for its injuries, and Buona lacks an adequate remedy at law.

## **Prayer For Relief**

WHEREFORE, Buona prays that judgment be entered in its favor and against AFC on Counts I-III of its Complaint as follows:

1.     That AFC, its divisions and subsidiaries, and its officers, directors, agents, representatives, attorneys and all persons acting or claiming to act on their behalf or under their direction or authority, and all persons acting in concert or in participation with AFC, be preliminarily and permanently enjoined from:

   (a)     making any use of the BONAFIDE mark, the BUONA-FIED mark, or any other variant or colorable imitation of the BUONA-FIED mark;

   (b)     attempting to register any variant or colorable imitation of the BUONA-FIED mark;

   (c)  registering or making use of any domain name containing the BONAFIDE mark, the BUONA-FIED mark, or any other variant or colorable imitation of the BUONA-FIED mark; and

   (d)  performing any other acts that are likely to lead to reverse confusion or make the public believe that AFC's services or products are in any manner licensed, sponsored, approved or authorized by Buona;

  2.  That AFC abandon all trademark applications and registrations for marks containing or consisting of BONAFIDE and any marks confusingly similar to the BUONA-FIED mark;

  3.  That AFC be adjudged to have infringed Buona's rights in and to the BUONA-FIED mark, and that AFC be ordered to account for and pay to Buona all profits earned by AFC and damages sustained by Buona, including Buona's damages for loss of goodwill and business reputation, from harm to the distinctive quality of Buona's BUONA-FIED mark, for the cost of corrective advertising to dispel the reverse confusion caused by AFC's aforesaid acts, and for AFC's infringement, unfair competition, and deceptive business practices, along with interest;

  3.  That AFC be ordered to pay treble the amount of the award and Buona's attorneys' fees pursuant to 15 U.S.C. § 1117;

  4.  That AFC be ordered to pay to Buona punitive and exemplary damages in an amount to be determined by this Court for AFC's deliberate and willful infringement of Buona's BUONA-FIED mark, unfair competition, and consumer fraud and deceptive business practices pursuant to the Illinois statutes set forth herein;

  5.  That AFC be ordered to file an affidavit with the Court setting forth in detail the manner and form in which it has complied with the terms of the injunction in accordance with 15 U.S.C. § 1116; and

6. That Buona have such other and further relief as this Court may deem just.

### Jury Demand

Buona hereby demands trial by jury for all issues so triable.

Respectfully submitted,

PATTISHALL, McAULIFFE, NEWBURY,
 HILLIARD & GERALDSON LLP

Dated: February 4, 2008

By: _s/ Brett A. August_
Brett A. August
Alexis E. Payne
311 South Wacker Drive, Suite 5000
Chicago, Illinois  60606
(312) 554-8000

*Attorneys for Plaintiff The Buona Companies, L.L.C.*